# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-722V
UNPUBLISHED

| | |
|---|---|
| BRAD PAPPALARDO,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 3, 2023<br><br>Motion for decision; Dismissal; Influenza Vaccine; Shoulder injury related to vaccine administration (SIRVA) |

*Jonathan J. Svitak*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Brad Pappalardo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine he received on September 23, 2019. ECF No. 1.

On June 26, 2023, Petitioner filed a motion for a decision dismissing the petition. ECF No. 17. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

Petitioner gradually filed medical records and other required documentation and eventually submitted a Statement of Completion on April 28, 2022. ECF No. 15.

After Pre-Assignment Review ("PAR"), a scheduling order issued on June 23, 2022, indicating that Petitioner had not filed, among other missing requirements,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).


sufficient medical records to establish severity requirement. ECF No. 16. Petitioners must establish this requirement with evidence that the vaccine related injury (1) persisted for more than six months, (2) caused the vaccinee's death, or (3) resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i).

Petitioner did not submit any additional medical records and, on June 26, 2023, filed a motion for a decision dismissing the petition admitting that "he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 17 at 1.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines, or 2) that the vaccinee suffered an injury not on the Table that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged a Table claim, i.e., that her shoulder injury was caused by the influenza vaccination.

Under the Vaccine Act, petitioners must satisfy various requirements, including the severity requirement. Based on a review of the filed medical records, Petitioner has not submitted any records to support that his shoulder injury persisted for more than six months or that the injury resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). Moreover, Petitioner admitted in the motion to dismiss that he would not be able to establish entitlement to compensation in the Vaccine Program.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<div style="text-align: right;">
<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
</div>

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."